IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**ELI W. FREELAND,**

      **Plaintiff,**

v.                                     **Case No. 2:14-cv-29445**

**DAVID BALLARD, TERESA GREGORY,
STEVEN CAUDILL, and JERRY WALTON,
sued in their official and individual capacities,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the plaintiff's "Motion to Withdraw # 3 Requested Relief in this Civil Action" (ECF No. 5), in which the plaintiff seeks to withdraw his request for an Order directing the West Virginia Division of Corrections to transfer him to the Northern Correctional Center.

## PLAINTIFF'S ALLEGATIONS AND FACTUAL BACKGROUND

The plaintiff's Complaint, which was filed on December 5, 2014 (ECF No. 2), alleges violations of his rights under the Eighth and Fourteenth Amendments arising out of his confinement at the Mount Olive Correctional Complex ("MOCC"). Specifically, the plaintiff alleges that the defendants were deliberately indifferent to and recklessly endangered his health and safety when he was "wrongly maced with 'Phantom Cell Buster

(very strong chemical)'" and was publicly called a "rat" in front of 31 other prisoners by a correctional officer. The plaintiff further alleges that defendant Walton maliciously and sadistically burned him with extremely hot coffee, after the plaintiff had alerted supervisory prison officials to problems between him and Walton; yet those officials took no action to prevent the plaintiff from being injured.[1]

The plaintiff's Complaint seeks compensatory damages, punitive damages, and various forms of injunctive relief, including "an <u>ORDER</u> directed to the West Virginia Division of Corrections stating that the plaintiff be transferred for his safety and well being to the 'Northern Correctional Center' as soon as possible do [sic; due] to the many threats against his life and to prevent injury and or death." (ECF No. 2 at 23). The plaintiff's present motion seeks to withdraw that specific request for relief. (ECF No. 5).

The defendants have not yet made an appearance in this civil action and will not be prejudiced by the granting of the plaintiff's motion to withdraw one of his requested forms of relief. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the plaintiff's "Motion to Withdraw # 3 Requested Relief in this Civil Action" (ECF No. 5) and strike from the Complaint the plaintiff's third request for relief concerning an Order to transfer him to the Northern Correctional Center.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days

---

[1] By separate Order, the undersigned has granted the plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 9) and ordered service of process on the defendants.

(service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the district court and a waiver of appellate review by the circuit court of appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the *pro se* plaintiff.

January 11, 2016

Dwane L. Tinsley
United States Magistrate Judge

3